**James J. HOPP et al., Appellants,**

v.

**Sheryl P. JAMES, Appellee.**

**No. A 2444.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 8, 1971.

Addendum Sept. 22, 1971.

Morriss, Boatwright, Lewis & Davis, San Antonio, for appellants.

Schwepee, Schweppe & Allison, San Antonio, for appellee.

PER CURIAM.

This is an appeal from a judgment entered after trial before the court denying appellants' motion for change of custody of the minor child, Ronald Allen Hartsfield, and ordering that custody of said child be

immediately restored to his mother, appellee Sheryl P. James. Appellant Joan Hopp is the child's maternal grandmother and appellant James J. Hopp is the husband of Joan Hopp.

Appellee has filed her motion to dismiss this appeal because of the action of appellants in fleeing from the jurisdiction of the court with said minor child in violation of the order of the trial court. The judgment was entered on March 4, 1971, and no application for supersedeas was requested. See Rule 364(f), Texas Rules of Civil Procedure. The appeal bond was filed on March 29, 1971, and the record was filed on April 29, 1971. Uncontroverted affidavits filed herein show that on June 30, 1971, said minor child was surreptitiously taken from the vicinity of his mother's home and from her custody by a person meeting the description of appellant Joan Hopp. Since said taking, neither appellant has been seen, nor has the child been located. Appellants' attorney has advised this Court that he has been unable to contact either of said appellants, despite diligent efforts to do so, nor has appellee been able to locate appellants or said child.

■ We do not believe that the right to an appeal should be lightly forfeited. Nevertheless, a party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing her demands while she stands in an attitude of contempt to legal orders and processes of the courts of this State. Tobin v. Casaus, 128 Cal. App.2d 588, 275 P.2d 792, 49 A.L.R.2d 1419 (Calif. District Court of Appeal, Second District, 1954).

It is therefore ordered that appellants comply with the order appealed from by immediately returning said child to appellee. Unless compliance is shown on or before September 21, 1971, this cause will be dismissed at appellants' cost.

Addendum to Order of Sept. 8, 1971

■ Appellants having wholly failed to comply with the order of this Court to re-

turn the minor child to appellee on or before September 21, 1971, it is ordered that this appeal be and the same is hereby dismissed at appellants' cost.