**Cheri Martha (Woods) STEED, Appellant,**

**v.**

**Verle Duane WOODS, Appellee.**

**No. 8229.**

Court of Civil Appeals of Texas, Amarillo.

Jan. 10, 1972.

Rehearing Denied Jan. 31, 1972.

Countiss & Blackburn (Richard N. Countiss), Spearman, for appellant.

Lemon, Close, Atkinson & Shearer (R. D. Lemon), Perryton, for appellee.

REYNOLDS, Justice.

By this appeal, appellant contests the division of certain community property decreed by the trial court after the court had entered a previous final judgment apportioning the other community property of the parties at the time they were divorced. Appellee challenges appellant's standing to prosecute this appeal.

Verle Duane Woods, appellee, filed suit for divorce, custody of the two minor children of the marriage, and division of the community property against his wife, Cheri Martha Woods, now Cheri Martha Steed, appellant, to which she filed a cross-action seeking the same relief. In the original trial of the case, the jury found each was entitled to a divorce from the other but was unable to reach a verdict on the custody of the children. The trial court severed the custody matter, and entered judgment

on August 29, 1969, granting each party a divorce and apportioning the community property submitted to the court's jurisdiction. No appeal was taken from this judgment and it became final. Subsequently, another jury found that the best interest of the two children would be served by awarding their custody to their father, the appellee here, and the trial court entered judgment on the verdict on April 27, 1970; however, by an order dated June 3, 1970, the trial court granted appellant's motion to permit the two minor children to remain with her pending the final disposition of her appeal of the April 27, 1970 judgment of custody. On appeal, this court affirmed the judgment. Woods v. Woods, 468 S. W.2d 567 (Tex.Civ.App.—Amarillo 1971, writ dism'd w. o. j.).

In the time intervening between the two trial court judgments, a cashier's check made payable to appellee in the sum of $2,294.35, the existence of which was known to the parties at the time the court entered its first judgment but which was not considered in the court's original adjudication of the parties' community property rights, was submitted to the trial court for disposition. There were no pleadings before the court specifically related to this cashier's check. Appellant contended that the cashier's check was the community property of the parties; it was appellee's position that the check was not a community asset, but was the property of a business associate, one Vernon Williams, who resided in Oklahoma. The record shows that Williams was given ample opportunity to appear and assert his right to the proceeds of the check, but he did not intervene in the proceedings. On June 10, 1971, the trial court entered its order decreeing that the cashier's check was community property owned jointly and equally by the parties, and allowed appellee an offset of $1,098.00 against appellant's one-half share on the theory that wheat of that value set aside to appellant in the August 29, 1969 judgment did not exist, with the result that appellant received only $49.17 of the proceeds of the $2,294.35 cashier's check.

Appellant has appealed under three assignments of error, to which appellee has responded with a motion to dismiss the appeal and four counterpoints. Essentially, appellant argues that since no complaint is made of the trial court's finding that the cashier's check was community property and appellee has disclaimed any interest therein, the court had no jurisdiction to change the terms of the original final judgment to allow the offset, and all of the proceeds of the check should have been awarded to her. Subject to the contention for dismissal, appellee replies that he is entitled to accept the benefit of the court's judgment and tender the proceeds of the check to Williams, the rightful owner thereof.

Appellee's motion to dismiss this appeal and his first counterpoint to the same effect are based on the proposition that appellant is in contempt of the trial court's previous custody order and should not be permitted to seek the aid of this court while defying the order. Proper instruments filed in this court show that following the release of our opinion, reported at 468 S.W.2d 567, which affirmed the judgment vesting custody of the minor children in appellee, the trial court entered a June 10, 1971 order directing appellant to deliver the children to appellee on or before June 15, 1971. Appellant has not complied with this latter order, the court has issued an unserved notice for appellant to show cause why she should not be held in contempt, and the evidence is that she has removed herself and the children from the jurisdiction of the Texas courts. The efforts of appellate counsel for appellant to induce her to comply with the judgment of custody have been fruitless.

Appellee relies on the recent case of Hopp v. James, 470 S.W.2d 716 (Tex.Civ. App.—San Antonio 1971, no writ), in which the appeal there was dismissed because the appellant was in an attitude of contempt of the very order being appealed and failed to comply with the order within a specified period of grace. Appellee as-

serts that the reasoning given there should be extended to include, as in the present case, a collateral order growing out of the same divorce action. Appellant maintains that she has a Texas constitutional and statutory right of appeal, and argues that to extend the holding in the *Hopp* case to the present fact situation would be to hold that she would have no legal rights in Texas that can be judicially enforced.

■ The *Hopp* case is the only Texas civil case authority we have been referred to, or discovered, that passes on the question of whether an appeal may be dismissed because of the appellant's failure and refusal to obey an order of the trial court. There is no Texas constitutional or statutory provision determinative of the question. Since the *Hopp* case is concerned with contumacious conduct toward the very order being appealed, that case did not decide the precise question raised here—i. e., may an appeal taken from a trial court order be dismissed because of the appellant's disobedience of a collateral order emanting from the same cause of action? A review of the decisions from other jurisdictions reveals not only interjurisdictional but intrajurisdictional conflicts in, and a diversity of rationale for, the decisions. 49 A.L.R.2d 1425. It would be superfluous to attempt a general analysis of the distinctions and reasons in the totality of decisions, if indeed any recognized distinction is readily discernible, for we are convinced that the better reasoning supports the majority rule that an appellate court, in the absence of a constitutional or statutory prohibition, is vested with the implied power to deny the assistance of its processes to an appellant who persists in contumaciously defying either the order attempted to be appealed from or a collateral order emanating from the same cause of action. As stated in the *Hopp* case,

"We do not believe that the right to an appeal should be lightly forfeited. Nevertheless, a party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing her de- mands while she stands in an attitude of contempt to legal orders and processes of the courts of this State."

To compel an appellate court to entertain the review of the demands of one whose connected contumacious character of conduct toward its very own decision in a matter growing out of the basic controversy between the identical parties would be a flagrant abuse of the principles of equity and of the due administration of justice. Such would be tantamount to a sanction for one to obey only those court orders with which one agrees. There is not now, and should never be, such a restraint on the court's implied power to enforce all lawful orders.

■ Appellant's counsel points out that she has been neither served with citation for, nor held in, contempt of the custody judgment, and that to dismiss her appeal under such circumstances would deprive her of judicial enforcement of her rights in Texas. The evidence is undisputed that by her own chosen course of conduct, appellant now is in an attitude of contempt toward an order entered by the trial court in the same basic cause of action. The holding that appellant's contumacious conduct subjects her appeal to dismissal is not a determination of deprivation of judicial enforcement of her rights in Texas. To the contrary, in all of the trial proceedings, appellant was accorded her constitutionally secured inherent right of a full trial before the court and jury. This opinion is not concerned with, and is not addressed to, any judicial enforcement through appellate review of appellant's rights not originating from the basic cause of action. Rather, the determination is that the mere grace or favor of appellate review may be denied if appellant persists in disobedience of an order related to the one that is the basis of this appeal. The exercise of the appellate court's implied power to use its processes to induce compliance with a related order is not violative of either the equal protection clause or the due process clause of the Fourteenth Amendment to the Constitution

of the United States. National Union of Marine Cooks and Stewards v. Arnold (1954), 348 U.S. 37, 75 S.Ct. 92, 99 L.Ed. 46. All appellant has to do, to secure a review of the order appealed from, is to comply with the related custody order.

If it is shown that appellant has complied with the order respecting custody of the minor children on or before 10 a. m. on the 31st day of January, A.D. 1972, this appeal will be considered on its merits; otherwise, the appeal will be dismissed at appellant's cost.

### ADDENDUM OF JANUARY 31, 1972

Appellant having failed to comply with the order respecting custody of the two minor children on or before 10:00 A.M., on the 31st day of January, A.D.1972, this appeal is dismissed at appellant's cost.