Fred E. GOODRIDGE, Appellant,

v.

Dorothy Jean GOODRIDGE, Appellee.

No. 20063.

Court of Civil Appeals of Texas, Dallas.

Nov. 26, 1979.

Rehearing Denied Jan. 3, 1980.

Thomas S. Nelson, McCracken, Shields & Taylor, Carrollton, for appellant.

Mary D. McKnight, McKnight & Hundley, Dallas, for appellee.

Before AKIN, STOREY and HUMPHREYS, JJ.

STOREY, Justice.

This is an appeal from the property division in a divorce case. The trial court gave the appellee, Dorothy Jean Goodridge, three parcels of improved realty and a one-half undivided interest in a second lien note, all of which were claimed by appellant to be his separate property. Appellant contends that even though the properties were acquired after marriage, the purchase money for these properties is traceable to his separate estate, and it was error, therefore, to divest him of title. We hold that appellant has failed in his attempt to trace to his separate estate the funds used to purchase these properties in order to rebut the presumption raised by Tex.Fam. Code Ann. § 5.02 (Vernon 1975) and, therefore, affirm.

 Appellee has filed a motion to dismiss the appeal urging that appellant violated the trial court's decree by selling a parcel of the realty awarded to her, by returning her interest in the second lien note, and by collecting rents from the properties awarded to her. Appellee cites several authorities for the proposition that when an appellant is in contempt of the trial court's judgment, the appeal should be dismissed. *Geesbreght v. Geesbreght,* 570 S.W.2d 427 (Tex.Civ.App.—Fort Worth 1978, writ dism'd); *Strange v. Strange,* 464 S.W.2d 216 (Tex.Civ.App.—Fort Worth), *certified questions answered,* 464 S.W.2d 364 (Tex.1971); *Hays v. Brandon,* 245 S.W.2d 381 (Tex.Civ.App.—Fort Worth 1951, no writ). In these cases, appellants had refused to obey orders concerning child custody and each appellate court ordered dismissal only after granting appellants a definite time in which to comply. No such situation exists here. While in the cited cases no other remedy existed to compel timely compliance with the court's order, appellee here concedes that she has adequate remedies to protect or to recover the value of her property interest. Consequently, we conclude that these authorities are not controlling here. We also hold that the failure to comply with the trial court's order in this situation does not justify dismissal of this appeal. Accordingly, appellee's motion to dismiss is overruled.

## ON THE MERITS

Tex.Fam. Code Ann. § 5.01 (Vernon 1975) provides that property owned or claimed by a spouse before marriage, as well as that acquired during marriage by gift, devise or descent, is separate property. Community property consists of property, other than separate property, acquired during marriage. Section 5.02 provides that property possessed by either spouse during or in dissolution of marriage is presumed to be community property. The burden is thus placed upon a party claiming property acquired after marriage as his or her separate estate to trace and clearly identify property claimed as separate. *Tarver v. Tarver,* 394 S.W.2d 780, 783 (Tex.1965); *Trevino v. Trevino,* 555 S.W.2d 792, 796 (Tex.Civ.App.—Corpus Christi 1977, no writ). At issue in this case are three parcels of residential rent property and an undivided interest in a second lien note, all of which were acquired during marriage.

Appellant contends he has discharged his burden of tracing these properties to his separate funds prior to marriage. This is true, he urges, because he has consistently maintained an investment account to which he has segregated all of his separate rental properties, and even though he has commingled community rents in the account, his records show a net loss in his rental property operation from the date of marriage to the date of purchase of the subject properties; therefore, any investments made out of the account necessarily came from separate funds.

The separate account maintained by appellant was titled "Shamrock Investment Company." It was a proprietorship established prior to marriage and held title to several parcels of rental property, one being an apartment house and the others single family residences. It also held a substantial amount of cash which, at the time of marriage, had been derived from accumulation of rents and proceeds from sales of separate realty and stocks.

Appellant also maintained an account titled "Goodridge Enterprises." Into this account he placed all community income, except rents, and from this account he paid all community expenses. It is clear from appellant's records that, from time to time, money flowed from Shamrock Investments to Goodridge Enterprises for the purpose of paying expenses of the community; but no money flowed from Goodridge Enterprises into Shamrock Investments.

The accounts of Shamrock Investments show that between August 1973 and November 1973, about two years after marriage and about five years before divorce, Shamrock Investments purchased six rent houses. Shamrock paid varying amounts of cash as down payments, totalling about $15,000, and the balance of the purchase money was represented by the assumption of existing indebtedness and the execution of a note. Three of these houses were awarded to appellee in the divorce decree. The second lien note, which appellant also claims as separate property, was acquired by him in the sale of another of the six houses.

The accounts of Shamrock Investments also show that for the year 1971, the year of marriage, the cost of operating and maintaining appellant's separate rent properties, exclusive of depreciation and principal payments, exceeded total rental income by $7,750. In 1972, rents exceeded costs by $4,545. In 1973, the year the six properties were acquired, costs exceeded rents by $105. During the three year period, about $43,000 in rents was deposited in the Shamrock Investment account, and no attempt was made to segregate these rents from other cash in the account. Because costs for the period exceeded rents by $3,100, appellant concludes, and his proof of tracing relies solely upon the proposition that, all community rents having been previously expended from the Shamrock Investment account, the six properties were of necessity acquired with the separate funds then held in the account. We cannot agree.

■ Even if it be assumed that expenditures from the account were made exclusively for operation and maintenance, the character of the cash account had been changed before the expenditures were made because of the commingling of community and separate funds. *See Hodges v. Ellis*, 154 Tex. 341, 277 S.W.2d 900, 907 (1955); *Carnes v. Meador*, 533 S.W.2d 365, 369 (Tex. Civ.App.—Dallas 1975, writ ref'd n.r.e.); *Stanley v. Stanley*, 294 S.W.2d 132, 136–7 (Tex.Civ.App.—Amarillo 1956, writ ref'd n.r.e.), *cert. denied*, 354 U.S. 910, 77 S.Ct. 1296, 1 L.Ed.2d 1428 (1957).

■ Furthermore, an examination of the record reveals that most of the purchase price of the properties was furnished by community credit. In each instance, there was an assumption of existing indebtedness upon the property, and in one instance, there was, in addition, the execution and delivery of a promissory note. Appellant contends there is no evidence of the use of community credit, apparently relying upon the fact that title was taken in the name of Shamrock Investment Company. We have previously noted that Shamrock Investment Company was a proprietorship, and an ex-

amination of the conveyances into it reveals that community credit was used, because there was no agreement by the lender to look solely to separate funds or property of appellant for payment. Property acquired on the credit of the community is community property. *Broussard v. Tian*, 156 Tex. 371, 295 S.W.2d 405, 406 (1956); *Gleich v. Bongio*, 128 Tex. 606, 99 S.W.2d 881, 884 (1937).

We conclude that appellant's evidence has failed to rebut the presumption that the properties acquired after marriage were community.

Affirmed.