George and Della McRAE and Matlack, Inc., Appellants,

v.

GUINN FLYING SERVICES and Frances Garza, Appellees.

No. 01-88-00796-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 28, 1989.

Albert M. Hassler II, Young & Hampton, Gail M. Brownfeld, Baker & Botts, Houston, for appellants.

Harry Noe, Noe & Essex, Houston, for appellees.

Before SAM BASS, COHEN and MIRABAL, JJ.

MIRABAL, Justice.

Appellants George and Della McRae appeal from orders striking their pleadings and dismissing their lawsuit because of alleged discovery abuses. Appellant Matlack, Inc. appeals from an order dismissing its claims as being derivative of the McRaes' claims.

The McRaes' lawsuit alleged that appellees were negligent in the provision of air ambulance services. George McRae was injured in a motor vehicle accident in Pennsylvania and underwent surgery to repair a badly broken leg. After the surgery, George McRae's employer, Matlack, Inc., retained appellee Guinn Flying Services to transport the McRaes in an air ambulance to Houston. Appellee Frances Garza was the flight nurse. The McRaes alleged that the flight in the air ambulance aggravated the injuries to George McRae's leg to the extent that he is now effectively disabled for life. The McRaes asserted that the air ambulance was not big enough to allow George McRae to elevate his leg, the plane did not transport him quickly enough to avoid re-injury to his leg, and appellees failed to provide sufficient medical care during the trip.

Appellant Matlack, Inc., intervened in the lawsuit to recover a judgment against appellees for the worker's compensation payments Matlack had made to George McRae.

The lawsuit was filed on February 3, 1986. By September 1986, the McRaes had filed their Third Amended Original Petition after three sets of special exceptions had been granted. Between September 4, 1986 and May 14, 1987, six depositions were taken in the case, including the depositions of George and Della McRae and flight nurse Garza. In January 1987, the McRaes propounded interrogatories and a request for production of documents to appellees.

On April 2, 1987, appellees served a first set of interrogatories on the McRaes; on May 5, 1987, the McRaes timely filed their answers to the interrogatories. On or about May 7, 1987, counsel for both sides conferred, and the McRaes agreed to amend their answers to Interrogatories Nos. 2, 3, and 30; no agreement could be reached with regard to the McRaes' amending their answer to Interrogatory No. 8.

Interrogatory No. 8 reads as follows: Please state whether either Plaintiff ever gave a history of being injured while being transported from Washington, Pennsylvania to Houston, Texas, by the Guinn Flying Service air ambulance, to any doctor, doctors, or hospital attendant. If the answer is yes, state the date they gave the history to such doctor or hospital attendant, and state the history they gave to each person.

The McRaes answered as follows: Drs. Roger Youmans and Robert Smiley were informed about the circumstances of the trip.

On May 14, 1987, appellees filed a Motion for Sanctions and Dismissal complaining that the McRaes' answer to Interrogatory No. 8 was evasive, misleading, and deceptive; the motion was set for submission on June 1, 1987. The McRaes, on May 27, filed a Request for Oral Hearing; they did not file any other written response to appellees' Motion for Sanctions and Dismissal. On June 8, 1987, without holding a hearing, the trial court signed an order striking the McRaes' pleadings.

Thereafter, the McRaes filed a Motion for Rehearing, and Guinn Flying Services filed an unsworn Opposition to Rehearing and an unsworn Motion to Dismiss with prejudice. The McRaes responded with affidavits and a memorandum of authorities. Both sides filed written requests for a hearing; however, on June 30, 1987, the trial court signed an order dismissing the McRaes' case without conducting a hearing.

Thereafter, the McRaes filed a Motion for New Trial or to Reinstate Case, to which appellees filed a response. On August 17, 1987, the trial court conducted a hearing, following which the McRaes' motion was denied.

The McRaes are barred from refiling suit by the running of the statute of limitations.

In points of error one, five, seven, and nine, the McRaes complain that the trial court erred in striking their pleadings after

limitations had expired. In points of error two, six, eight, and ten, the McRaes complain that the trial court erred in dismissing their lawsuit under the circumstances involved in this case.

A trial court may impose sanctions on a party who abuses the discovery process. Rule 215(2)(b) of the Texas Rules of Civil Procedure provides that the trial court "may, after notice and hearing, make such orders in regard to the failure as are just," including dismissing with prejudice.

The trial court has broad discretion to impose discovery sanctions, *Gonzales v. Conoco, Inc.*, 722 S.W.2d 247, 249 (Tex. App.—San Antonio 1986, no writ), and the appellate court cannot substitute its judgment for that of the trial court. *Ray v. Beene*, 721 S.W.2d 876, 879 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). To establish a clear abuse of discretion, it must be shown that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the particular case. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442–43 (Tex.1984). The trial court abuses its discretion if the sanction imposed does not further one of the purposes that sanctions were intended to further. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986).

The court in *Bodnow* listed the purposes of discovery sanctions as: (1) to secure the parties' compliance with the rules of discovery; (2) to deter other litigants from violating the discovery rules, *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); and (3) to punish parties who violate the rules of discovery, *Jarrett v. Warhola*, 695 S.W.2d 8, 9–10 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd). The test for abuse of discretion is whether the court acted without reference to any "guiding rules and principles." *Downer*, 701 S.W.2d at 241–242.

A dismissal with prejudice may be justified if the discovery abuse has persisted over a long period of time and numerous efforts have been made to obtain compliance. If the recalcitrant party has acted in bad faith, or has ignored a court's previous order, the court may impose the extreme sanctions of dismissing the plaintiff's case with prejudice or entering a default judgment against the defendant. *Ray v. Beene*, 721 S.W.2d at 879; *see also Southern Pac. Transp. Co. v. Evans*, 590 S.W.2d 515, 519 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), *cert. denied*, 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980); *Fultz v. Cummins Sales & Service, Inc.*, 587 S.W.2d 515 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

In the present case, there is no evidence in the record that the McRaes acted in bad faith or willfully disobeyed an order of the trial court, yet the ultimate, most extreme sanction was imposed on them—the striking of their pleadings and the dismissal of their lawsuit, effectively with prejudice.

■ Appellees argue that, because the McRaes did not file a written response to the initial Motion for Sanctions and Dismissal, the trial court could properly have considered the motion to be unopposed, even though the McRaes had filed a request for a hearing on the motion. Appellees cite Rule 3.3.3 of the Rules of the Civil Trial Division, Harris County District Courts, for this proposition. However, since appellees have not included in the record before us a certified copy of the local rules, this court may not take judicial notice of them. *Petitt v. Laware*, 715 S.W.2d 688, 691 (Tex. App.—Houston [1st Dist] 1986, writ ref'd n.r.e.).

Appellees also argue that this is not a case of a trial court dismissing the plaintiffs' lawsuit merely due to the plaintiffs' failure to fully answer one interrogatory out of 30. Appellees direct our attention to their unsworn pleading opposing the McRaes' Motion for Rehearing, and their unsworn Motion for a Dismissal of the McRaes' lawsuit, wherein appellees pointed out to the trial court other alleged abuses such as: tardy amendment of the McRaes' petitions after special exceptions had been granted; insufficient answers to a total of four interrogatories; Della McRae's refusal to answer one question during her deposition, on advice of counsel; and the im-

proper answer of six certified questions from George McRae's deposition.

 In reality, appellees did obtain an order from the trial court striking the McRaes' pleadings based solely on the grounds that the McRaes had failed to fully answer one interrogatory.[1] Once the pleadings were struck, the Motion to Dismiss naturally followed, and the trial court, having made the initial decision to strike pleadings on the first motion, followed through with the dismissal.

This is not a case involving a party's complete failure to respond to discovery requests—the McRaes timely filed answers to the interrogatories propounded by appellees. Neither is this a case of a party ignoring or violating an order of the trial court. The McRaes have not failed to appear for depositions, nor have they withheld documents. The cases we have found that affirm the trial court's use of the ultimate sanction of striking pleadings and dismissing litigation all involve much more severe discovery abuses than the McRaes engaged in here.

We hold that the orders of the trial court striking the McRaes' pleadings and dismissing their lawsuit constituted an abuse by the trial court of its discretion. The McRaes' points of error one, two, five, six, seven, eight, nine, and ten are sustained. In view of our action on these points of error, it is not necessary to address the McRaes' remaining points.

After the McRaes' suit was dismissed, the trial court granted summary judgment in favor of appellees dismissing appellant Matlack, Inc's intervention on the grounds that Matlack's intervention was dependent upon the McRaes' success in their suit, and therefore Matlack's cause was extinguished upon the dismissal of the McRaes' suit. In one point of error, Matlack asserts in part that if this Court remands the McRaes' claim for a trial on the merits, there is no longer a basis for the summary judgment against Matlack, and we should reverse and remand as to Matlack's claim

also. We agree. Matlack's point of error is sustained.

The judgment of the trial court is reversed in all respects, and this cause is remanded.

---

1. Most of the other alleged abuses raised later by appellees were not apparent on the face of the record at the time the trial court ruled on the Motion for Sanctions.