**Dr. William E. O'CONNOR, Petitioner,**

**v.**

**SAM HOUSTON MEDICAL HOSPITAL, INC., d/b/a Sam Houston Memorial Hospital, and Spring Oaks, Ltd., Respondents.**

**No. D–0866.**

Supreme Court of Texas.

April 24, 1991.

Rodney Jack Reynolds and Emmett S. Huff, Houston, for petitioner.

W. Ross Spence, Houston, for respondents.

PER CURIAM.

Sam Houston Medical Hospital sued and obtained a judgment on a jury verdict against Dr. William O'Connor for an unpaid loan and breach of a lease. O'Connor appealed but did not supersede the judgment, and the Medical Hospital commenced post-judgment asset discovery. The trial court found O'Connor's original and supplemental responses to be "inadequate and in bad faith" and twice ordered O'Connor to respond to discovery "in a full and forthright manner." The second order sanctioned O'Connor $10,200, payable to the Medical Hospital, for his failure to comply with the first order. Shortly thereafter, the Medical Hospital moved the trial court to impose further sanctions and simultaneously moved the court of appeals to dismiss O'Connor's appeal of the original judgment. To support its motion in the court of appeals, the Medical Hospital attached copies of various post-judgment pleadings and orders. O'Connor filed a response with similar attachments. From these papers, the court of appeals derived the description of post-judgment discovery proceedings set out in its opinion. 802 S.W.2d 247, 248–250.

The court of appeals granted the Medical Hospital's motion and dismissed O'Connor's appeal for failure to comply with the trial court's orders compelling post-judgment asset discovery. The court of appeals concluded that it had "the authority to dismiss an appeal where a party fails to comply with the trial court's collateral orders emanating from the proceeding...." 802 S.W.2d at 247. It based its conclusion on Texas Rule of Appellate Procedure 60(a) and on *Steed v. Woods*, 475 S.W.2d 814, 816 (Tex.Civ.App.—Amarillo 1972, writ dism'd), *Hopp v. James*, 470 S.W.2d 716, 717 (Tex.Civ.App.—San Antonio 1971, no writ), and *Geesbreght v. Geesbreght*, 570 S.W.2d 427, 429 (Tex.Civ.App. —Fort Worth 1978, writ dism'd).

These authorities do not support the court's dismissal of O'Connor's appeal. Rule 60(a) states:

(1) If an appeal or writ of error is subject to dismissal for want of jurisdiction or for failure of appellant to comply with any requirements of these rules or any order of the court, the appellee may file a motion for dismissal or for affirmance and judgment for costs on the appeal bond or for the cash deposit. If the ground of the motion is failure to file the transcript, the motion shall be supported by certified or sworn copies of the judgment and the appeal bond or other document perfecting or attempting to perfect the appeal or writ of error.

(2) If it appears to the appellate court that an appeal or writ of error is subject to dismissal for want of jurisdiction or for failure to comply with any requirements of these rules or any order of the court, the court may, on its own motion, give notice to all parties that the case will be dismissed unless the appellant or any party desiring to continue the appeal or writ of error, files with the court within ten days a response showing grounds for continuing the appeal or writ of error.

No other court has held that this rule or its predecessor, former Texas Rule of Civil Procedure 387 [1], authorizes dismissal of an appeal because of a violation of an order of the trial court. The phrase "order of the court" refers in context to orders of the court of appeals and not of any other court. We hold that Rule 60(a) does not authorize dismissal of an appeal for failure of the

appellant to comply with an order of the trial court.

*Steed, Hopp* and *Geesbreght* each involved an appellant who refused to comply with a trial court order awarding custody of a child or children to the appellee. In *Geesbreght*, appellant returned the children before the court of appeals heard argument on appellee's motion to dismiss, and the court of appeals therefore denied the motion to dismiss and heard the appeal on the merits. In *Steed* and *Hopp*, appellants actually took the children and left the state, thus effectively avoiding civil enforcement proceedings. In each of those cases the appellate court issued its own order stating that it would dismiss the appeal unless appellant delivered the child or children to appellee within a specified period of time. When appellant failed to comply, each court dismissed the appeal for a violation of its own order, not an order of the trial court. *See* Tex.R.App.P. 60(a). Moreover, in each case the appeals court's order afforded appellant notice of precisely what action was required to avoid dismissal.

■ Here, the court dismissed O'Connor's appeal without affording him a final opportunity to comply with a less than precise trial court order, which provided in pertinent part only that O'Connor respond to discovery "in a full and forthright manner." We express no opinion on whether a court of appeals may ever properly dismiss an appeal because of appellant's failure to comply with a trial court order. We hold that it was an abuse of discretion to do so in this case. *Cf. Goodridge v. Goodridge,* 591 S.W.2d 571 (Tex.Civ.App.—Dallas 1979,

---

1. Rule 60(a) was taken almost verbatim from Rule 387 when the Texas Rules of Appellate Procedure were adopted effective September 1, 1986. Before 1981, the text of Rule 387 was quite different:

(a) If the appellant shall fail to file a transcript of the record in the proper time the appellee may upon motion have the case affirmed on certificate by filing in the appellate court a certified copy of the judgment and a certificate of the clerk of the trial court stating the time when and how such appeal or writ of error was perfected.

(b) If a copy of the bond accompanies such certificate, the judgment shall be affirmed against the sureties thereon.

(c) Affirmance of the judgment on certificate may be had at any time after the right to file the transcript has expired; but no affirmance of the judgment on certificate shall be had against the sureties upon the bond unless the motion to so affirm has been filed within one year after the right to file the transcript has expired.

(d) Ten days' notice by mail of the hearing of the motion shall be given by the clerk to the appellant.

Rule 387 was originally derived from former Tex.Rev.Civ.Stat.Ann. articles 1841–1843, *see* Act of April 13, 1892, 22nd Leg., 1st C.S., ch. 15, §§ 21–22, 1892 Tex.Gen.Laws 25, 28–29, 10 H. Gammel, Laws of Texas 389, 392–393 (1898).

writ dism'd) (limiting *Geesbreght* to its facts). Without hearing oral argument, a majority of the court grants O'Connor's application for writ of error, reverses the judgment of the court of appeals, and remands the cause to that court for further proceedings. *See* TEX.R.APP.P. 170.