NO. 07-03-0461-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 25, 2004


______________________________



In re: 657 TRUST 


_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-521,359; HON. ANDREW J. KUPPER, PRESIDING


_________________________________



On Motion to Dismiss


__________________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Pending before the court is the motion by the Estate of Jacqueline Spencer Morgan
to involuntarily dismiss the appeal of Glen D. Aaron, II. The Estate believes itself entitled
to that relief because 1) one purportedly cannot appeal an order of contempt, and 2) Aaron
has failed to comply with various orders of the trial court. We overrule the motion.

 Regarding the first ground, assuming arguendo that one may only question the
validity of a contempt order via a writ of habeas corpus or for mandamus (as the Estate
suggests), one may nonetheless test the validity of monetary sanctions (levied post-judgment) via an appeal. Arndt v. Farris, 633 S.W.2d 497, 500 n.5 (Tex. 1982); In re
Aaron, No. 07-03-0324-CV (Tex. App.-Amarillo August 12, 2003) (orig. proceeding). As
disclosed by his appellate brief, Aaron questions the validity of the trial court's post-judgment order levying upon him "sanctions" of $50,000 and attorney's fees of $4000. We
have jurisdiction to address this matter, given the decisions in Arndt and Aaron. 

 Regarding the second ground, authority did hold that an appellate court had the
implied power to dismiss an appeal by one who "persists in contumaciously defying either
the order attempted to be appealed from or a collateral order emanating from the same
cause of action." Steed v. Woods, 475 S.W.2d 814, 816 (Tex. Civ. App.-Amarillo 1972,
writ dism'd w.o.j.). However, the Supreme Court refused to apply this rule where the
appellant was not afforded, by the appellate court, a final opportunity to comply with the
order. O'Connor v. Sam Houston Med. Center, Inc., 807 S.W.2d 574, 575 -77 (Tex. 1991)
(withholding opinion on whether an appellate court can ever dismiss simply due to the
appellant's failure to comply with a trial court order and noting that Steed and like cases
involved child custody matters wherein the appellate court had ordered compliance as
well). Here, we have not issued an order directing appellant to comply, by a specified date,
with any trial court directive. Thus, we cannot dismiss the appeal due to appellant's failure
to comply. 

 Accordingly, the motion to dismiss is overruled.


 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 



henUsed="false" QFormat="true" Name="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00519-CR AND 07-10-00520-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
27, 2011

 



 

THE STATE OF TEXAS, APPELLANT

 

v.

 

DAVID NEAL DUNCAN, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 20,170-C; HONORABLE DON R. EMERSON, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER ON ABATE AND REMAND

 

Pending before us is the States
motion to abate the appeal and remand the matter back to the trial court so
that findings of fact and conclusions of law can be filed.  The record reflects that the State timely
filed a request for findings of fact and conclusions of law.  However, none were ever filed.  In State v. Cullen, 195 S.W.3d 696, 699
(Tex.Crim.App. 2006), the Court of Criminal Appeals
held that, "[u]pon the request of the losing
party on a motion to suppress evidence, the trial court shall state its
essential findings."  In Cullen,
the Court explained that the trial court's refusal to state its findings and
conclusions prevented the court of appeals from a meaningful review of the
decision to grant or deny the motion to suppress.  Id. at 698.

Accordingly, we abate the appeal and
remand the matter back to the trial court. See Tex. R. App. P. 44.4.  We
further direct the Honorable Don R. Emerson, sitting by assignment as judge of
the 251st Judicial District Court, Randall County, Texas, to execute findings
of fact and conclusions of law in this cause as required by Cullen.  We also direct him to execute his findings and
conclusions and file them with the clerk of this court, via a supplemental
clerk's record, on or before May 27, 2011.  Upon the filing of the supplemental clerk's
record containing the findings and conclusions, the appeal will be reinstated.

It is so ordered.

Per Curiam

 

Do
not publish.