NO. 07-04-0434-CV


 NO. 07-04-0435-CV


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 26, 2004



______________________________




IN RE ASHLEY GUTIERREZ BY AND THROUGH





HER NEXT FRIEND MICHELLE CORDOVA, RELATOR




_________________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


ON EMERGENCY MOTION FOR TEMPORARY RELIEF




 By our opinion of January 27, 2004, in Cause No. 07-03-0261-CV, we reversed the
judgment of the trial court and rendered judgment in favor of Ashley Gutierrez and Joseph
Alarcon Gonzalez. On August 13, 2004, the Texas Supreme Court denied a motion for
rehearing of the petition for review, and on August 23, 2004, the Clerk of this Court issued
mandate to the 181st District Court of Randall County. (1)

 Now, pending before this Court is a petition for writ of mandamus and petition for
writ of prohibition filed on August 26, 2004, by relator Ashley Gutierrez, by and through her
next friend Michelle Cordova, a party in trial court cause numbers 51,715-B and 54,925-B,
styled In the Interest of Savannah Sierra Gutierrez, A Child, wherein Jeffrey Donald Gurney
and Alicia Munoz Gurney are respondents. By her emergency motion for temporary relief,
relator Ashley Gutierrez, the natural mother of Savannah Sierra Gutierrez, requests that
this Court order the hearing set for Friday, August 27, 2004, at 1:30 p.m. before the
Honorable James Anderson, Judge of the County Court at Law in and for Randall County,
Texas, be stayed. 

 The motion for emergency relief is denied; however, counsel for Jeffrey Donald
Gurney and Alicia Munoz Gurney are directed to file responses to the petition for writ of
mandamus and petition for writ of prohibition no later than Thursday, September 2, 2004. 
This order is subject to further orders of the Court. 

 It is so ordered.

 Per Curiam





1. See Harris County Children's v. Olvera, 971 S.W.2d 172 (Tex.App.-Houston 14th
Dist. 1998) holding when an appellate court renders a judgment in a case, the district court
has no jurisdiction to review, interpret or enforce it. It must observe and carry out the
mandate of the appellate court. 


with the
order. O'Connor v. Sam Houston Med. Center, Inc., 807 S.W.2d 574, 575 -77 (Tex. 1991)
(withholding opinion on whether an appellate court can ever dismiss simply due to the
appellant's failure to comply with a trial court order and noting that Steed and like cases
involved child custody matters wherein the appellate court had ordered compliance as
well). Here, we have not issued an order directing appellant to comply, by a specified date,
with any trial court directive. Thus, we cannot dismiss the appeal due to appellant's failure
to comply. 

 Accordingly, the motion to dismiss is overruled.


 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004).