Henry G. GLASS, M.D. a/k/a
Henry Goodwin Glass,
M.D., Appellant,

v.

Thane T. SPONSEL, M.D., and Thane
T. Sponsel, Jr., Appellees.

No. 01–95–00701–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 7, 1995.

---

Eric G. Carter, Houston, for appellant.

Kenneth Breitbeil, Lauren Beck, Richard Sheehy, Pamela J. Batterson, Chris E. Ryman, Houston, for appellees.

Before COHEN, HEDGES and TAFT, JJ.

### ORDER

PER CURIAM.

Appellee Thane T. Sponsel, Jr. (Sponsel Jr.) filed a motion to dismiss this appeal for want of appellate jurisdiction. In an earlier order, we denied the motion. He now moves for rehearing. We deny the motion for rehearing, but withdraw our earlier order and issue this one in its stead.

1. Texas Rule of Appellate Procedure 19(d) states: "Motions dependent on facts not apparent in the record and not ex officio known to the court

Before addressing the merits of Sponsel Jr.'s motion, we first confront the appellant's argument that we should not consider the evidence Sponsel Jr. has attached to his motion. Sponsel Jr. has attached to his motion certified copies of trial court documents that support his motion. The appellant contends that we "should not permit Appellee to raise matters outside the record by attaching copies to his motion[.]"

This is the same argument we rejected in *O'Connor v. Sam Houston Medical Hosp., Inc.*, 802 S.W.2d 247 (Tex.App.—Houston [1st Dist.] 1990), *rev'd on other grounds*, 807 S.W.2d 574 (Tex.1991). In *O'Connor*, we wrote:

> Appellant argues this Court may not consider the exhibits attached to appellees' motion to dismiss because they are not part of the record on appeal. We disagree.... Under rule 19(d), motions, dependent on facts not apparent in the record, must be supported by affidavits or other satisfactory evidence. The affidavits and the other, competent, documentary evidence attached to appellees' motion to dismiss are properly before this Court.

802 S.W.2d at 250 (citations omitted).[1]

Other courts are in accord. *See, e.g., Aycock v. Pannill*, 853 S.W.2d 161, 164 (Tex. App.—Eastland 1993, writ denied) (holding that appellate court, by virtue of rule 19(d), can consider materials not in the record that are filed in support of a motion to dismiss). That an appellate court has the obligation to determine its own jurisdiction is axiomatic, *see Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.—Amarillo 1994, writ denied), and rule 19(d) enhances an appellate court's ability to fulfill that obligation.

It is therefore entirely proper for us to consider Sponsel Jr.'s evidence. With this preliminary issue resolved, we turn to the merits of Sponsel Jr.'s motion to dismiss.

Thane T. Sponsel, M.D. (Dr. Sponsel) filed suit against the appellant to recover money the appellant allegedly owed him. The appellant counterclaimed against Dr. Sponsel

must be supported by affidavits or other satisfactory evidence."

and filed a third-party action against Sponsel Jr. for legal malpractice. The following events subsequently occurred:

1. April 3, 1995: The trial judge granted Sponsel Jr.'s motion for summary judgment on the appellant's third-party action.

2. April 17, 1995: The trial judge granted a partial summary judgment for Dr. Sponsel; the partial summary judgment addressed one of Dr. Sponsel's claims.

3. April 17, 1995: The trial judge granted another partial summary judgment for Dr. Sponsel; this partial summary judgment addressed Dr. Sponsel's only remaining claim, and thus disposed of the last of Dr. Sponsel's claims against the appellant.

4. April 20, 1995: The trial judge granted a summary judgment for Dr. Sponsel on the appellant's counterclaim. After this summary judgment was granted, the only remaining claim in the case was Sponsel Jr.'s claim for attorney's fees.

5. April 20, 1995: Sponsel Jr. filed a "Notice of Nonsuit" on his claim for attorney's fees.

6. May 4, 1995: The trial judge signed an order granting Sponsel Jr.'s nonsuit.

According to Sponsel Jr., the last claim in the case—his claim for attorney's fees—was disposed of on April 20, 1995, when he filed his "Notice of Nonsuit," and so the judgment became final and the appellate timetable began to run on that date.[2] If Sponsel Jr. is correct, and the appellate timetable began to run on April 20, 1995, then the transcript was due to be filed no later then June 19, 1995. *See* TEX.R.APP.P. 54(a). The appellant filed the transcript on July 3, 1995.[3]

We hold that the appellate timetable did not commence on April 20, 1995, but rather on May 4, 1995, when the trial judge signed an order granting Sponsel Jr. a nonsuit. The signing of the order granting Sponsel Jr. a nonsuit was a mere ministerial act. *Harris County Appraisal Dist. v. Wittig,* 881 S.W.2d 193, 194 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding); *Avmanco, Inc. v. City of Grand Prairie,* 835 S.W.2d 160, 162 (Tex.App.—Fort Worth 1992, writ dism'd). Nevertheless, "[t]he appellate time-table does not commence to run *other than by signed, written order,* even when the signing of such an order is purely ministerial." *Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495 (Tex.1995) (emphasis added).

Because the trial judge signed the order granting Sponsel Jr. a nonsuit on May 4, 1995, the appellate timetable began to run on that date. The transcript was therefore due to be filed on July 3, 1995. *See* TEX.R.APP.P. 54(a). The appellant complied with this deadline by filing the transcript on that date.

We deny the motion to dismiss.

---

**2.** No motion for new trial was filed.

**3.** The appellant did not move for an extension of time to file the transcript. *See* TEX.R.APP.P. 54(c).