**In re Joe RUBIO, Jr. and Dennis Zamarron, Relators.**

No. 13–01–185–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 16, 2001.

Rehearing Overruled Sept. 13, 2001.

Jerry J. Trevino, Corpus Christi, for Relators.

Yolanda De Leon, District Attorney, Brownsville, for Real Parties in Interest.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

VALDEZ, Chief Justice.

This is an original mandamus proceeding brought by Joe Rubio, Jr., and Dennis Zamarron, Relators, complaining of the actions of the Honorable Migdalia Lopez, Judge of the 197th District Court of Cameron County, Respondent. We deny Relators request for relief.

This action arises from a criminal prosecution heard in Respondent's court. In the underlying criminal action, the State of Texas, Real Party in Interest, obtained an indictment against the Harlingen Police Officer's Association, Inc. (HPOA), a Texas non-profit corporation, alleging that HPOA had committed the offense of Prohibited Contribution[1] by contributing funds to the political campaigns of two candidates for public office. Relators were corporate officers and agents of HPOA, and employees of the City of Harlingen Police Department. Relators were named, in their capacities as corporate officers, in the indictment as having committed the acts subjecting HPOA to criminal liability; however, all parties agreed that the Relators were not individually named in the indictment. The State and HPOA entered into a plea agreement which provided that in exchange for a plea of *no lo contendre* by HPOA, the State would recommend a fine of $3,000.00, plus court costs, and the State would not prosecute the Relators, individually, for any election code violations arising from the underlying investigation. Additionally, Relators agreed to resign their posts as officers with HPOA and their commission as police officers with the Harlingen Police Department. At the end of the plea hearing, Respondent announced in open court that she would follow the plea agreement; however, Respondent did not specifically recite the terms of the agreement. The judgment of conviction signed by Respondent in the underlying cause makes no reference to the Relators being required to resign from their HPOA offices or their posts as police officers.

Relators argue that Respondent's acceptance of the plea agreement constituted an attempt by Respondent to exercise jurisdiction over Relators by requiring them to resign from their jobs and their HPOA offices. Relators further contend that because they were not named individually in

---

1. Tex.Elec.Code Ann. § 253.094 (Vernon Supp. 2001).

the indictment returned against HPOA, the trial court lacked jurisdiction over them, and therefore, the trial court's action in requiring Relators' resignations was void. Relators request the issuance of a writ of mandamus directing Respondent to vacate her void order.

██ There are two prerequisites that must be met before a writ of mandamus will issue: (1) the act sought to be compelled must be ministerial, as distinguished from discretionary, and (2) Relators must not have an adequate remedy at law. *Ordunez v. Bean,* 579 S.W.2d 911, 913 (Tex. Crim.App.1979) (orig.proceeding). A judge who enters a void order has a ministerial duty to vacate the order. *State ex rel. Thomas v. Banner,* 724 S.W.2d 81, 85 (Tex.Crim.App.1987) (orig.proceeding). Therefore, mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction. *Id.*

██ We first examine whether Respondent had jurisdiction over Relators. For a court to act, it must have jurisdiction to do so. This is fundamental. *See State ex rel Millsap v. Lozano,* 692 S.W.2d 470, 482 (Tex.Crim.App.1985) (orig.proceeding). Any order entered by a court having no jurisdiction is void. *Id.* In criminal matters, the presentment of an indictment invests the court with jurisdiction of the cause. TEX. CONST. art. V, § 12(b). The filing of an indictment is essential to vest the trial court with jurisdiction over a felony offense. *See Ex Parte Dobbs,* 978 S.W.2d 959, 960 (Tex.Crim.App.1998); *Cook v. State,* 902 S.W.2d 471, 475 (Tex. Crim.App.1995).

██ In the present case, it is undisputed that Relators were not indicted, and therefore, the trial court was not vested with jurisdiction over them. The State responds that mandamus is not an appropriate remedy in the present case, because Relators fully understood the consequences of the plea agreement and never indicated that they objected to the agreement. The State overlooks the fact that jurisdiction in a criminal proceeding cannot be conferred by agreement; this type of jurisdiction exists by reason of the authority vested in the court by the Constitution and statutes. *Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex.Crim.App.1980); *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 645 (1933). Accordingly, Relators could not agree to subject themselves to the trial court's jurisdiction, absent a waiver of indictment. Furthermore, as Relators correctly point out, criminal jurisdiction over the person cannot be conferred upon the district court solely by the accused's appearance, but requires the due return of a felony indictment, or the accused's personal affirmative waiver thereof and the return of a valid felony information upon complaint. *Garcia,* 596 S.W.2d at 527; *Ex Parte Sandoval,* 167 Tex.Crim. 54, 318 S.W.2d 64, 66 (1958). Therefore, Relators' mere presence in the courtroom was not sufficient to subject them to the trial court's jurisdiction. Accordingly, we find that the trial court had no jurisdiction over Relators.

We next examine the issue of whether Respondent attempted to exercise jurisdiction over Relators by her acceptance of the plea agreement. The State and Respondent, in a response filed with this Court, contend that there was no plea agreement between the State and Relators, but rather the plea agreement was only between the State and HPOA. In support of this argument, the State directs our attention to the judgment of conviction against HPOA which makes no reference to Relators, and which does not require Relators to take any action. In essence, the State and Respondent argue that mandamus relief should be denied because Respondent did

not order Relators to do anything, and therefore, Respondent did not exercise jurisdiction over Relators. At oral argument, counsel for the State explained that Relators' agreement to resign from the police department was not part of the plea agreement in the underlying cause, but rather was merely a "side agreement" between Relators and the City of Harlingen. In order to determine whether Relators were parties to a plea agreement in the underlying case, we must examine the nature of plea bargain agreements.

■ Plea bargaining has been defined as follows:

Plea bargaining is a process which implies a preconviction bargain between the State and the **accused** whereby the accused agrees to plead guilty or nolo contendere in exchange for a reduction in the charge, a promise of sentencing leniency, a promise of a recommendation from the prosecutor to the trial judge as to punishment, or some other concession by the prosecutor that he will not seek to have the trial judge invoke his full, maximum implementation of the conviction and sentencing authority he has, i.e., it is the process where a **defendant,** who is accused of a particular criminal offense, and his attorney, if he has one, and the prosecutor enter into an agreement which provides that the trial on that particular charge not occur or that it will be disposed of pursuant to the agreement between the parties, subject to the approval of the trial judge. Put another way, plea bargaining is the process by which the **defendant** in a criminal case relinquishes his right to go to trial in exchange for a reduction in charge and/or sentence.

*Perkins v. Court of Appeals,* 738 S.W.2d 276, 282 (Tex.Crim.App.1987) (orig.proceeding) (emphasis added; citations omitted). In essence, the parties choose predictability over unpredictability, and both parties can benefit from such an agreement.

■ This definition of "plea agreement" offered by the Court of Criminal Appeals contemplates that only a defendant and the State may enter into such an agreement. As previously noted, Relators were not the defendants in the underlying criminal prosecution, and therefore, by definition, their agreement to resign from their employment cannot constitute a plea bargain agreement. Accordingly, we agree with the State's argument and find that Relators' agreement to resign as police officers and HPOA officeholders was not a part of the plea agreement, and may not be enforced as such. Conversely, we find that the State's agreement not to prosecute Relators for any election code violation arising from the underlying investigation is properly an enforceable part of the plea agreement between the State and HPOA. HPOA entered its plea of *no lo contendre* in exchange for a recommendation as to punishment and a guarantee of leniency towards the Relators, a third party. A plea agreement may properly include a promise to an accused of leniency towards a third party. *See Torrez v. State,* 925 S.W.2d 361, 362 (Tex.App.—Fort Worth 1996, no pet.). Prosecutors have wide discretion to decide how to prosecute any given case, *see Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985), and therefore, the State may choose to prosecute one party believed to be more culpable, while agreeing to leniency toward another party believed to be less culpable. However, when the State secures a plea of guilty or no contest from one party in exchange for a guarantee of leniency towards a third party, then the State is bound by this agreement.

Because Relators' agreement to resign was not a part of the plea agreement, we further find that Respondent's announcement, that she would follow the plea agreement, did not constitute an attempt to exercise jurisdiction over Relators. Respondent's oral ruling on the motion for new trial lends support to our holding. In the their motion for new trial, Relators raised the same issue presented in this mandamus proceeding. In her ruling on said motion, Respondent stated: "I understand the issue that the Association is bringing forward about the impact on the third parties, and that is a collateral issue, and the court will deny the motion for new trial." From this ruling, it is clear that Respondent considered Relators' resignations to be an issue separate and apart from the Court's imposition of judgment in the underlying case. Furthermore, we note that the judgment signed by Respondent in the underlying cause supports our finding that Respondent did not intend to exercise jurisdiction over Relators. All judgments in criminal cases should reflect the terms of any plea agreement. TEX. CODE CRIM.PROC.ANN. art 42.01, § 1(20) (Vernon Supp.2001). However, the judgment signed by Respondent in the underlying cause does not contain any requirement that Relators resign from the police force or HPOA.

 Relators imply that Respondent's oral announcement at the plea hearing controls over the later written judgment. We acknowledge that, generally, oral pronouncement of a sentence will control over the written judgment. See Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim.App.1998). However, because we have found that Respondent did not order Relators, either orally or in writing, to resign from their employment or HPOA, we hold that Coffey has no application to the present case, as we find there is no variance between the oral pronouncement and the written judgment. Even if we were to assume, arguendo, that Respondent intended to orally order Relators to resign, we nonetheless find that Respondent was without jurisdiction to orally pronounce sentence on Relators, and there fore, such pronouncement is void and unenforceable. Nothing in Coffey suggests that, if the oral pronouncement of a sentence is legally unenforceable, the oral pronouncement nonetheless prevails over an enforceable sentence later set forth in a written judgment. See Ribelin v. State, 1 S.W.3d 882, 885 n. 2 (Tex.App.—Fort Worth 1999, pet. ref'd). Accordingly, the written judgment herein properly reflects that Respondent did not exercise jurisdiction over Relators.

Because we have found that Relators' agreement to resign from the Harlingen Police Department and HPOA was not a part of the plea agreement, and that Respondent's acceptance of the plea agreement was not an exercise of jurisdiction over Relators, as they were not parties to said agreement, we conclude that the trial court's judgment is not void. Accordingly, we deny Relators' request for a writ of mandamus.