NUMBER 13-00-772-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI



 

 

JOE RUBIO, JR. AND 

DENNIS ZAMARRON,                                                          Appellants,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 



 

                        On appeal from the 197th District Court

                                 of Cameron
County, Texas.

 

 



                                   O P I N I O N

 

                     Before Justices Dorsey, Yañez, & Rodriguez

                                  Opinion by Justice Dorsey

 








Appellants, Joe Rubio,
Jr., and Dennis Zamarron, attempt to appeal from a
judgment finding the Harlingen Police Officers Association (AHPOA@), a corporation, guilty
of violating section 252.094 of the Texas Election Code.  On September 13, 2000, the HPOA was indicted
for two felony counts of violating the Texas Election Code.  Count 1 alleged in part that the HPOA made

an unlawful political
contribution or political expenditure, to wit . . . [HPOA] contributed $487.13
to the campaign of HUMBERTO ZAMORA a political candidate for the public office
of Mayor of Harlingen.  Said political
contribution or political expenditure was made through the officers of . . .
[HPOA], to wit:  JOE RUBIO, President of
. . . [HPOA]. . . .

 

Count 2 alleged in
part that the HPOA made

an unlawful political
contribution or political expenditure, to wit . . . [HPOA] contributed $100.00
to the campaign of JIM MATTOX a political candidate for the public office of
Attorney General of the State of Texas. 
Said political contribution or political expenditure was made through
the officers of . . . [HPOA], to wit: 
DENNIS ZAMARRON, Vice President of . . . [HPOA]. . . .

 

A plea-bargain
agreement was reached which stated that: (1) the HPOA will pay a $3,000 fine,
plus court costs; (2) appellant, Dennis Zamarron,
will accept a thirty-day suspension without pay, will resign as president of
the HPOA and no longer hold office in the HPOA, and will resign as a police
officer with the Harlingen Police Department effective November 1, 2000; (3)
appellant, Joe Rubio, Jr., will accept a thirty-day suspension without pay,
agree that he will no longer hold office in the HPOA, and will resign as a
police officer with the Harlingen Police Department effective January 2, 2001;
and (4) the State agreed that by execution of this agreement by all parties the
State will not seek any further prosecutions of the appellants for any election
code violation subject to this investigation. 








On September 21, 2000,
the HPOA, through its agent, appellant Dennis Zamarron,
pleaded nolo contendere
to the offense.  The trial court followed
the plea bargain and assessed a $3,000 fine against the HPOA.

By two issues
appellants argue that: (1) the trial court=s judgment, as applied
to them, is void for lack of jurisdiction; and (2) the trial court should have
granted a new trial and vacated the order that assessed punishment against
them.  We dismiss the appeal for want of
jurisdiction.

                                                      Jurisdiction

An appellate court has
the obligation to determine its own jurisdiction.  Glass v. Sponsel,
916 S.W.2d 25, 26 (Tex. App.BHouston [1st Dist.]
1995, no writ); Welch v. McDougal, 876 S.W.2d 218, 220 (Tex. App.BAmarillo 1994, writ
denied).  In criminal cases the
presentment of an indictment invests the trial court with jurisdiction of the
cause.  Tex.
Const. art. V, ' 12(b).  The filing of the indictment is essential to
vest the trial court with jurisdiction over a felony offense.  See Ex parte Dobbs, 978 S.W.2d 959,
960 (Tex. Crim. App. 1998); Cook v. State, 902 S.W.2d 471, 475 (Tex.
Crim. App. 1995).  The accused=s appearance alone
cannot confer the trial court with criminal jurisdiction over the person;
rather, jurisdiction requires the due return of a felony indictment, or the accused's personal affirmative waiver thereof and the
return of a valid felony information upon complaint.  Garcia v. Dial, 596 S.W.2d 524, 527
(Tex. Crim. App. 1980); In re Rubio, 55 S.W.3d 238, 241 (Tex. App.BCorpus Christi 2001)
(orig. proceeding).        








          Here
it is undisputed that appellants were not indicted, and therefore, the trial
court was not vested with jurisdiction over them.  In re Rubio, 55 S.W.3d at 241.  Further appellants could not agree to subject
themselves to the trial court's jurisdiction, absent a waiver of
indictment.  Jurisdiction in a criminal
proceeding cannot be conferred by agreement; this type of jurisdiction exists
by reason of the authority vested in the court by the Constitution and statutes.  Garcia, 596 S.W.2d at 527; In re
Rubio, 55 S.W.3d at 241.  

We must still examine
whether the trial court attempted to exercise jurisdiction over appellants when
it accepted the plea bargain.  We note
that the judgment of conviction against HPOA made no reference to appellants as
defendants, and it did not require them to take any action.  In order to determine whether appellants were
parties to the plea agreement we must examine the nature of plea bargain agreements.  Plea bargaining is defined as: 

a process which
implies a preconviction bargain between the State
and the accused whereby the accused agrees to plead guilty or nolo contendere in
exchange for a reduction in the charge, a promise of sentencing leniency, a
promise of a recommendation from the prosecutor to the trial judge as to
punishment, or some other concession by the prosecutor that he will not seek to
have the trial judge invoke his full, maximum implementation of the conviction
and sentencing authority he has, i.e., it is the process where a
defendant, who is accused of a particular criminal offense, and his attorney,
if he has one, and the prosecutor enter into an agreement which provides that
the trial on that particular charge not occur or that it will be disposed of
pursuant to the agreement between the parties, subject to the approval of the
trial judge.  Put another way, plea
bargaining is the process by which the defendant in a criminal case
relinquishes his right to go to trial in exchange for a reduction in charge
and/or sentence.

 








In re Rubio, 55 S.W.2d at 241
(citing Perkins v. Court of Appeals, 738 S.W.2d 276, 282 (Tex. Crim.
App. 1987) (orig. proceeding) (citations omitted, emphasis added).

Thus the definition
contemplates that only a defendant and the State may enter into a plea
bargain.  As previously noted appellants
were not the defendants in this case, and therefore, by definition, their
agreement to resign from their employment or as HPOA officeholders cannot
constitute a plea-bargain agreement. 
Accordingly we find that appellants' agreement to resign as police
officers and HPOA officeholders was not a part of the plea agreement and may
not be enforced as such.  See and
compare In re Rubio, 55 S.W.3d at 242. 
Because appellants' agreement to resign was not a part of the plea
agreement we hold that the trial court=s decision to follow
the plea agreement did not constitute an exercise of jurisdiction over
appellants.

We dismiss the appeal
for want of jurisdiction.  

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 11th day of April, 2002.