COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:      Devon Wilmington v. Bay Area Utilities, LLC

Appellate case number:   01-15-00663-CV

Trial court case number:  1057183

Trial court:              County Civil Court at Law No. 3 of Harris County

Appellee, Bay Area Utilities, LLC, has suggested in its appellee's brief that Appellant, Devon Wilmington, is no longer in physical possession of the property in question on appeal. Specifically, Bay Area wrote, "Bay Area has exercised its right under the judgment to obtain a Writ of Possession and Bay Area now has the Property." Bay Area provided no proof of this claim other than to point to the portion of the judgment requiring a writ of possession to issue. In her reply brief, Wilmington asserted that "Bay Areas Utilities has only exercised its right under judgment to obtain writ of possession" and that she "has been, and continues to stand in defense of possession."

According to the terms of the February 19, 2009 Deed of Trust, Wilmington would become a tenant at sufferance if a foreclosure occurred. (C.R. at 13.) The record further indicates that the property was foreclosed upon around July 1, 2014. (IV R.R. at 20, Plaintiff Exhibit 4; IV R.R. at 58, Defendant Exhibit D.) The evidence before this Court, then, indicates that Wilmington is a tenant at sufferance.

A tenant at sufferance does not have any legal right to possession but, instead, wrongfully maintains possession. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915 (Tex. 2013). If an occupier of property, who is subject to a forcible detainer action, loses physical possession of the property and has no legal right to claim repossession, then there ceases to be a live, justiciable controversy between the parties. *See Marshall v. Housing Authority of City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006) (holding no live controversy between tenant subject to forcible detainer action and owner of property because tenant voluntarily vacated property and lease term expired during pendency of appeal). When there is no live, justiciable controversy between the parties, the appeal is moot. *See id.*

A controversy must exist between the parties at every stage of the legal proceedings, including appeal. *Bd. Of Adjustment of City of San Antonio v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002). Mootness affects subject-matter jurisdiction of a court. *Stern v. Marshall*, 471 S.W.3d 498, 515 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Courts "are obligated to review sua sponte

issues affecting jurisdiction." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *see also Glass v. Sponsel*, 916 S.W.2d 25, 26 (Tex. App.—Houston [1st Dist.] 1995, no writ) ("That an appellate court has the obligation to determine its own judgment is axiomatic."). If the issues on appeal are moot, the appeal must be dismissed. *See Marshall*, 198 S.W.3d at 786–87.

Accordingly, the parties are ORDERED to provide some proof of whether Wilmington currently physically possesses the property at issue on this appeal. Unsworn and unsubstantiated assertions by any single party will not be taken as proof. An agreement between the parties, however, will be accepted. The parties are ORDERED to provide proof of whether Wilmington physically possesses the property at this time within **ten days** of issuance of this order. *See* TEX. R. APP. P. 4.1(a). Any party wishing to argue why, due to or in spite of the proof submitted, this Court continues or does not continue to have jurisdiction may submit its argument within **ten days** of issuance of this order.

Failure to respond to this order may result in dismissal of this appeal. *See* TEX. R. APP. P. 42.3. Proof of lack of current, physical possession of the property at issue may result in dismissal of this appeal. *See id.*

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley
                     Acting individually


Date: January 14, 2016