

# NUMBER 13-18-00636-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JIMIE DIANNE OWSLEY,**                                                          **Appellant,**

**v.**

**BRIAN LEON OWSLEY,**                                                          **Appellee.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Jimie Dianne Owsley challenges the trial court's judgment granting appellee Brian Leon Owsley's motion to enforce a final decree of divorce. By seven issues, appellant contends that: (1) the trial court "improperly modified the Decree of Divorce"; (2) the trial court improperly found that she did not refinance a mortgage on

community property within sixty days; (3) the trial court improperly enforced the divorce decree by contempt; (4) the trial court abused its discretion in a myriad manner; (5) the trial court abused its discretion by awarding attorney's fees to appellee; (6) "[t]he provision in the Divorce Decree relating to the title to the two vehicles is not sufficiently specific to support a finding of contempt"; and (7) "[t]he [t]rial [c]ourt abused its discretion by setting a supersedeas bond at $250,000, in violation of the standards of" the Texas Rules of Appellate Procedure and the Texas Civil Practice and Remedies Code. We affirm.

## I.  PERTINENT FACTS

The parties were divorced in 2016. In 2018, appellee filed a motion to enforce the divorce decree. The trial court granted that motion after a hearing. In its enforcement order, the trial court found that appellant had failed to comply with a multitude of provisions of the divorce decree, including failing to (1) refinance the mortgage on a house the couple owned in Las Vegas in her sole name within sixty days of the divorce decree, (2) provide appellee with title to two vehicles which were in her name and were awarded to appellee in the divorce decree, and (3) pay attorney's fees to appellee.

The trial court ordered that the Las Vegas property "be listed for immediate sale, and sold"; that appellant pay appellee attorney's fees; that appellant provide appellee valid titles to each of the vehicles awarded to him in the divorce decree but registered in her name; and that appellant pay a supersedeas bond in the amount of $250,000. The trial court also made several orders relating to the sale of the Las Vegas property and held appellant in contempt of court. Appellant then appealed the judgment on November 16, 2018.

Subsequently, on March 1, 2019, appellant filed a suggestion of bankruptcy in our

Court. *See* TEX. R. APP. P. 8.1. We therefore abated this appeal pending the filing of a motion to reinstate. *See id.* 8.3(8). On December 14, 2020, appellant filed a motion to reinstate this appeal stating that the bankruptcy court had confirmed the bankruptcy plan. We granted the motion and reinstated the appeal on December 23, 2020.

## II.    APPELLANT'S FIRST ISSUE

By her first issue, appellant contends that the trial court "improperly modified the Decree of Divorce, which is prohibited by Tex. Fam. Code §§ 9.006(b) and 9.007(a) & (b)." Specifically, by three sub-issues, appellant claims that the trial court "impermissibly modified" the divorce decree in three areas.

In her first sub-issue, appellant states that the trial court held her "in contempt of court and sets her punishment at three days in jail," but ordered that "she can avoid incarceration if she provides [appellee] with valid Texas Certificates of Title for both vehicles free of liens." Appellant claims that holding her in contempt of court is a deviation from the divorce decree and impermissibly altered the divorce decree, which she claims merely required that she provide title to the vehicles if "available."

To the extent she is complaining about the contempt order itself, as pointed out by appellee, generally, an order of contempt is not appealable. *See In re Office of Atty. Gen. of Tex.*, 215 S.W.3d 913, 916 (Tex. App.—Fort Worth 2007, no pet.) ("A contempt judgment may be attacked by a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved); however, because a contempt order is not a final judgment, a remedy by appeal does not lie.") (Internal citation omitted). Appellant does not argue on appeal that an exception to the general rule applies to the facts here. And, in her reply brief states that she is not

3

appealing the contempt order. Nonetheless, we conclude that appellant's complaint that holding her in contempt for not producing the titles to the vehicles is paramount to deviating from the divorce decree, is a challenge to the contempt order itself, and thus not an appealable complaint. *See id.*

Next, by her second sub-issue, appellant complains that although appellee admitted "that he refused to sign paperwork to allow the refinancing [of the couple's Las Vegas property] to go forward and without evidence that the mortgage cannot be refinanced in [appellant's] sole name," "[t]he order being appealed orders that the [couple's Las Vegas] property be sold and gives [appellee] the exclusive authority to" perform several tasks related to the sale including, among other things, "obtain[ing] a competitive market analysis of the value of the house, select[ing] a listing agent or broker, and sell[ing] the house at any price at or above 90% of the price indicated in the market analysis." According to appellant, the sale of the Las Vegas property was thus "converted from a conditional event stated in the Decree to a mandatory requirement in the Order, without regard to whether the condition for sale contained in the Decree had been met."

We disagree with appellant to the extent that she argues that there is no evidence that she could not refinance the Las Vegas loan in her own name —and therefore, the trial court modified the decree by ordering the property to be sold—we note that the trial court heard evidence that appellant did not refinance the loan within sixty days of the judgment, a fact she does not challenge on appeal. Appellant claims that appellee prevented her from refinancing the loan, but the evidence supports the trial court's implied finding that appellee did not do that.

By her third sub-issue to her first issue, appellant states: "[She] was enjoined from

interfering with the sale of the property," the "injunction was not contained in the Divorce Decree, and there were no pleadings or evidence to support the issuance of an injunction under TEX. R. CIV. P. 683." Appellant instructs the Court to "See Issue No. 4(9) below."

As pointed out by appellee, and not disputed by appellant, the Las Vegas property was sold. Accordingly, a controversy no longer exists regarding appellant's above-mentioned complaints. "If a controversy ceases to exist—the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome—the case becomes moot." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). When an appellate court's judgment cannot have any practical legal effect upon a previous existing controversy, the case is also moot. *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) ("An appeal is moot when a court's action on the merits cannot affect the rights of the parties."). Appellant has failed to establish that the appeal concerning these complaints about the Las Vegas property is still ripe. Therefore, we conclude that these complaints concerning the sale of the home are moot.

Having found no merit in appellant's first issue and sub-issues, we overrule them.

### III.    APPELLANT'S SECOND ISSUE

By her second issue, appellant contends that the Las Vegas property was awarded to her solely in the divorce decree; however, "[t]he order being appealed says, 'pursuant to the enumerated provisions of the parties' Final Decree of Divorce signed on February 19, 2016, [the Las Vegas property was] ordered sold, and the proceeds divided.'" Appellant argues that the trial court erred in this regard because "only if the mortgage on the property could not be refinanced in [her] sole name [would] the [Las Vegas] property . . . be sold and the proceeds divided." This argument appears to be a

5

restatement of appellant's second sub-issue to her first issue and additionally appears to challenge the sufficiency of the evidence supporting the trial court's implied finding that the mortgage was not refinanced in her sole name within sixty days.

As we understand it, appellant complains that there is no evidence that she satisfied the "condition" set forth in the divorce decree. Appellant relies on evidence she claims shows that the reason for her inability to refinance the mortgage under her name was due to appellee's refusal to sign the paperwork. Appellant provides one citation to an evidentiary hearing in her argument section wherein appellee stated that he refused to sign the closing documents for refinancing the Las Vegas property. However, appellee also then explained that he refused to sign the paperwork because, at that point, he "had [a trial court] order indicating that he had the right to sell" because appellant had failed to refinance the home within the sixty-day period as ordered by the trial court.

As previously pointed out, appellant admits that, according to the divorce decree, if she were unable to refinance the mortgage in her sole name within sixty days of the decree, "the [Las Vegas] house would be sold and the proceeds divided." There is evidence in the record that appellant failed to refinance the mortgage in her sole name in the allotted time as set out in the divorce decree. We conclude that based on the record before us, the "condition" set forth the in the divorce decree to trigger the obligation to sell the property was satisfied. Accordingly, we overrule appellant's second issue.

## IV. APPELLANT'S THIRD ISSUE

By her third issue, appellant again complains about the order compelling the sale of the Las Vegas property. Appellant argues that the trial court erred pursuant to Texas Family Code § 9.008(d) because the trial court failed to "provide a reasonable time for

compliance before enforcing a clarifying order by contempt or in another manner." Specifically, appellant argues that "the Trial Court ordered the [Las Vegas] property sold without allowing [her] a reasonable time after the Order to refinance the house in her sole name." Appellant, baldly states that it was "error" for the trial court to order "a sale of the [Las Vegas] house at [appellee's] discretion, giving [him] exclusive control over all decisions relating to the marketing and sale of the property and prohibiting [appellant] from interfering."

The divorce decree stated that the house must be sold if appellant did not refinance it in her name within sixty days, and that order is final. Therefore, the trial court was within its authority to enforce the divorce decree by ordering the sale of the property. We overrule appellant's third issue.

## V.    APPELLANT'S FOURTH ISSUE

By her fourth issue, appellant complains that it was an abuse of the trial court's discretion to:

(1) give Brian Owsley exclusive control over securing a market analysis of the Las Vegas property;

(2) give Brian the exclusive power to select the broker or agent to list the property at a price set by Brian;

(3) provide that the house awarded in the divorce to Jimie would be sold for a price that is 90% or more of the price suggested in the market analysis;

(4) provide for Brian to get a new market analysis if the house was unsold at the end of six months, giving Brian the exclusive power to relist the property at a price set by Brian;

(5) give Brian the right, if the house had not sold within 12 months, to request a show cause and trigger a conference with the Judge to determine if additional orders should be issued, after plenary power has expired, while giving Jimie no such right;

7

(6) require Jimie to pay half of "lender required repairs," with no specification of who the lender is or that the repairs be necessary and the cost reasonable, and to require that the cost must be advanced within 72 hours of the request for such repairs;

(7) require Jimie to sign "all documents required by the listing broker, listing agent, and/or title company" within 72 hours of presentment, obligating her to sign documents that have not yet been drafted, and that could contain terms that are not reasonable or terms to which she does not agree;

(8) award half of the proceeds from sale of the property to Brian; and

(9) issue an injunction prohibiting Jimie "from interfering with the ordered sale . . . as provided by these orders," without sufficient pleadings and proof to support the injunction, and where the injunction is overly vague.[1]

## A.    Right to Control[2]

First, by a sub-issue to her fourth issue, citing *Elliott v. Elliott*, appellant states that although the trial court is vested with broad powers and discretion to divide the marital estate and to make decisions regarding the adjustment of equities between the parties, this discretion "may enlist the aid of a trustee, receiver[,] or a commissioner to effectuate the terms and provisions of [a] judgment." 422 S.W.2d 757, 758 (Tex. Civ. App.—Fort Worth 1967, writ dism'd w.o.j.). Appellant then states:

> Note that the court in *Elliott* did not suggest the appointment of one spouse to dispose of property belonging partly to the opposing spouse. Despite Brian's inherent conflict of interest and demonstrable hostility toward Jimie, the Trial Court gave Brian the authority of a receiver without the safeguards of receivership. For example, a receiver is required to post a bond but Brian is not required to post a bond. TEX. CIV. PRAC. & REM. CODE § 64.023. But Brian operates without a bond and without court supervision and Jimie is enjoined from taking any action that would interfere with Brian's exercise of power. This arrangement was an abuse of discretion.

---

[1] Although appellant makes this list of complaints, she only provides purported argument concerning the complaints we address below in sections VI. A-E.

[2] We use the same titles that appellant uses in her brief to label the subsections to section VI.

As previously stated, the property has been sold, and any issues concerning it are now moot. We overrule appellant's first sub-issue to her fourth issue.

**B.    Expiration of Plenary Power**

By her second sub-issue to her fourth issue, appellant complains that the trial court acted outside its plenary power when it ordered that appellee "could issue a show cause or trigger a status conference after the Trial Court [lost] plenary power" if the Las Vegas property did not sell within twelve months of the first market analysis.

Appellant cites authority establishing that a trial court's plenary power generally expires, and the court loses jurisdiction, thirty days after the judgment is signed. *See* TEX. R. CIV. P. 329b(d). However, notwithstanding this authority, a court that rendered a divorce decree "retains the power to enforce the property division" set forth in the decree. TEX. FAM. CODE ANN. § 9.002. Thus, the trial court had authority to enforce the property division. See id. We overrule her second sub-issue to her fourth issue.

**C.    Requirement to Make and Pay for Repairs Required by Third Persons**

By her third sub-issue to her fourth issue, appellant states that "Inherently, a court may not require a party to pay future bills without limit and without recourse to the courts" and it cannot "order the payment of claims without the requirement that they be reasonable and necessary." Specifically, appellant complains of the court's order that she "must advance half of 'Lender required repairs.'" Appellant notes that the order does not identify the "lender," and complains that it does not state that any required repairs must be reasonable and necessary. Appellant cites authority establishing that "[a] party seeking to recover remedial damages must prove that the damages sought are reasonable and

necessary."[3] However, as the Las Vegas property has been sold, we conclude that this issue is moot.

Furthermore, the case cited by appellant applies to a breach of construction contract claim, which is not the issue here. *See McGinty v. Hennen*, 372 S.W.3d 625, 627 (Tex. 2012) (per curiam) (explaining that the measure of damages in a breach of construction contract claim are remedial damages and difference-in-value damages and stating that "[a] party seeking to recover remedial damages must prove that the damages sought are reasonable and necessary"). Instead, here, the trial court issued an enforcement order of a divorce decree, and appellant cites and we find no authority prohibiting the trial court from doing so. Therefore, we conclude that in this case, remedial damages are not applicable. *See id.* We overrule appellant's third sub-issue to her fourth issue.

## D.     Requirement to Sign All Documents Prepared by Third Persons

By a fourth sub-issue to her fourth issue, appellant complains as follows:

> For similar reasons, a court cannot order a party to execute documents not yet created, without regard to what the documents may say, and without judicial recourse. No cases were found that review such an order. However, it follows from the doctrine of ripeness that a court cannot adjudicate future disputes that have not yet arisen. "A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 443 (Tex. 1998). Courts do not have the power to adjudicate issues before they arise.

This is the extent of the briefing regarding this sub-issue. Accordingly, we overrule appellant's fourth sub-issue to her fourth issue as inadequately briefed. *See id.*

---

[3] Specifically, appellant cites *McGinty v. Hennen*, 372 S.W.3d 625, 627 (Tex. 2012) (per curiam).

## E.    The Injunction

By her fifth sub-issue to her fourth issue, appellant contends that "a judgment cannot stand unless it is supported by both pleadings and evidence"; "there was no evidence offered to support a permanent injunction"; "there is no evidence of a wrongful act, or imminent harm or irreparable injury, or absence of an adequate remedy at law"; and "this injunction is so vague that it constitutes [an] abuse of discretion." Appellant then states: "Because of insufficient pleadings, lack of supporting evidence, and vagueness, the injunction should be dissolved."

Appellee responds that the Las Vegas property was placed under the bankruptcy court's review, and she was ordered to sell it as part of her bankruptcy plan. Thus, according to appellee, the issue of the injunction is moot. We agree with appellee and therefore overrule this issue as further discussed below.

### 1.    Applicable Law

"[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson County*, 369 S.W.3d 137, 166–67 (Tex. 2012). We lack jurisdiction to decide moot controversies and to render advisory opinions. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). "And we have the power, 'on affidavit or otherwise,' to 'ascertain the matters of fact that are necessary to the proper exercise of [our] jurisdiction,' even if evidence establishing those facts is not in the trial court's record. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018); *see* TEX. GOV'T CODE ANN. § 22.220 ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction."); *see also Glass v. Sponsel*, 916 S.W.2d 25, 26 (Tex. App.—

11

Houston [1st Dist.] 1995, writ dism'd).

A case is not moot if a justiciable controversy between the parties exists at every stage of the legal proceedings, including the appeal. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "If a controversy ceases to exist—the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome—the case becomes moot." *Id.* When an appellate court's judgment cannot have any practical legal effect upon a previous existing controversy, the case is also moot. *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) ("An appeal is moot when a court's action on the merits cannot affect the rights of the parties.").

**2.   Analysis**

Here, even if we reverse the complained-of order regarding the injunction, the bankruptcy court ordered the sale of the Las Vegas property, which is the subject of the injunction, and pursuant to the bankruptcy court's order, the Las Vegas property was sold. Thus, the relief appellant requests from us would have no practical legal effect on the appellant's rights in the sale of the Las Vegas property. *See id.*[4] We overrule this sub-issue as moot.

## VI.   APPELLANT'S FIFTH ISSUE

By her fifth issue, appellant complains of the trial court's order compelling her to

---

[4] We note that appellee has provided the Court with a copy of an agreed order conditioning an automatic stay regarding the Las Vegas property, wherein the bankruptcy court documented that appellant and appellee signed an agreement which was accepted and approved by the bankruptcy court to sell the Las Vegas property. "And we have the power, 'on affidavit or otherwise,' to 'ascertain the matters of fact that are necessary to the proper exercise of [our] jurisdiction,' even if evidence establishing those facts is not in the trial court's record." *State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018); *see* TEX. GOV'T CODE ANN. § 22.220 ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction."); *see also Glass v. Sponsel*, 916 S.W.2d 25, 26 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd).

pay attorney's fees to appellee. As previously set out above, appellant filed for bankruptcy during the pendency of this appeal, and the bankruptcy court ordered her to pay the amount of attorney's fees as found she owed by the trial court in this appeal. Thus, appellee argues that the bankruptcy court's order renders this appeal regarding attorney's fees moot. Appellant responds that the bankruptcy court's judgment ordering her to pay attorney's fees is not moot because attorney's fees are not dischargeable in bankruptcy court.[5]

A case "is not rendered moot simply because some of the issues become moot during the appellate process." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). A case remains "live" to claims or issues that are not moot even if some claims or issues become moot. *See id.*

Nonetheless, the bankruptcy court has ordered appellant to pay the attorney's fees awarded in the appealed-from judgment in this case, and that order is final. Thus, even if we were to determine that the trial court in this appeal erroneously awarded those fees to appellee, appellant must still pay those attorney's fees pursuant to the bankruptcy court's final order as she did not appeal it.[6] Accordingly, our ruling in this matter cannot have any practical legal effect upon the previous existing controversy between appellant and appellee concerning attorney's fees.[7] *See Zipp*, 218 S.W.3d at 73. Therefore, we

---

[5] We note that appellant cites no authority, and we find none, supporting this argument.

[6] This Court has no jurisdiction to correct error occurring in bankruptcy court. *See In re C.C.*, 02-17-00058-CV, 2017 WL 4819407, at *2 (Tex. App.—Fort Worth Oct. 26, 2017, no pet.) (explaining that if the bankruptcy court erred, we have no jurisdiction to review that error). The bankruptcy order confirmed appellant's plan that she would pay appellee's attorney's fees.

[7] We note that the bankruptcy court found that appellee was a creditor and confirmed the parties' agreement that appellant pay him $53,000.

conclude that appellant's issue regarding the award of attorney's fees is moot. We overrule appellant's fifth issue.

## VII. APPELLANT'S SIXTH ISSUE

By her sixth issue, appellant contends that the divorce decree's provision relating to two vehicles awarded to appellee "is not sufficiently specific to support a finding of contempt." Again, a direct appeal is not usually the procedural vehicle to challenge an order of contempt, and appellant neither cites legal authority nor argues that an exception to that general rule exists allowing her to challenge the trial court's contempt order in this direct appeal. *See In re Office of Atty. Gen. of Tex.*, 215 S.W.3d at 916. Accordingly, we overrule her sixth issue.[8]

## VIII. APPELLANT'S SEVENTH ISSUE

By her seventh issue, appellant contends that the trial court "abused its discretion by setting a supersedeas bond at $250,000, in violation of the standards of Tex. R. App. P. 24.2 and Tex. Civ. Prac. & Rem. Code § 52.006(a)." Specifically, appellant argues that this amount is arbitrary and was "suggested" by appellee "without explanation." Appellant argues as follows:

---

[8] Appellant recognizes in her brief that "ordinarily" there is no appeal from a contempt order. She argues nonetheless as follows:

> However, Jimie is not appealing her confinement. She is appealing the Trial Court's use of a contempt finding to impose a jail sentence that was used to coerce her to obey an order that the Trial Court had no power to issue. The finding of contempt is against the evidence, the confinement to jail was unconstitutional, and both should be reversed and disallowed as a basis for the Trial Court to try to accomplish what it was prohibited from doing—that is, modifying the property division in a post-divorce clarification and enforcement proceeding.

Appellant cites no supporting authority and does not present legal argument to support these bald assertions. Accordingly, these assertions are inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

Tex. R. App. P. 24.2 provides that for a judgment for the recovery of property the bond should be set at least at the value of the rent or revenue of the property. But for a money judgment, the supersedeas bond requirement applies only to compensatory damages, interest, and costs. Tex. Civ. Prac. & Rem. Code § 52.006(a). Under the Order being appealed from, there were no damages or interest. Only costs were assessed against Jimie. Under either standard, the setting of the bond at $250,000 was an abuse of discretion.

The complained-of order awarded appellee compensatory damages. *See* TEX. R. APP. P. 24.2(a)(2). The rule states that the amount of security must be "at least" the property's value but it does not, explicitly or implicitly, restrict the trial court from ordering security in excess of that amount. Instead, the trial court has the general discretion to "make any order necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause." TEX. R. APP. P. 24.1(e). Here, the trial court used its discretion when it set the bond, and appellant has failed to establish on appeal that it abused that discretion. We overrule appellant's seventh issue.

## IX.  CONCLUSION

We affirm the trial court's judgment.[9]

JAIME TIJERINA
Justice

Delivered and filed on the
10th day of November, 2022.

---

[9] All pending motions, if any, are denied.